UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNNY HOFFSTETTER,

    Plaintiff,

v.                                              CASE NO. 8:24-cv-395-SDM-CPT

MANATEE COUNTY JAIL TRINITY
   CANTEEN,

    Defendant.
_____/

**ORDER**

Hoffstetter, a pre-trial detainee, alleges that the defendant is violating his civil rights by charging high prices for the items sold to the detainees. An earlier order (Doc. 3) grants Hoffstetter leave to proceed *in forma pauperis*. The Prisoner Litigation Reform Act ("PLRA") requires dismissal of an *in forma pauperis* prisoner's case "if the allegation of poverty is untrue" or if the case "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). Although the complaint is entitled to a generous interpretation, *Haines v. Kerner*, 404 U.S. 519 (1972) (*per curiam*), this *pro se* complaint lacks merit under this standard.

Hoffstetter alleges that the Manatee County jail "is price gouging on these canteen prices." (Doc. 1 at 3) Consequently, Hoffstetter's claim is properly construed as a Fourteenth Amendment claim challenging the conditions of his confinement as a

pretrial detainee. But the Due Process Clause creates no prohibition against merely uncomfortable conditions and inconvenient restrictions. "[I]f a particular condition or restriction of pretrial detention is reasonably related to a legitimate governmental objective, it does not, without more, amount to 'punishment.'" *Bell v. Wolfish*, 441 U.S. 535, 539 (1979). District courts throughout the Eleventh Circuit hold that allegedly high prices charged by a jail's canteen present no constitutional violation. *See, e.g., Ray v. Florida*, No. 2:23-cv-770-JES-NPM, 2024 WL 22066 at *4 (M.D. Fla. Jan. 2, 2024) ("[C]laims regarding prison or jail canteen prices do not rise to the level of a constitutional violation.") (unpublished); *Ferguson v. Thomas*, No. 5:14-cv-02396-RDP-JHE, 2016 WL 3774126, at *11 (N.D. Ala. Jun. 20, 2016) ("Claims concerning canteen prices do not [state a § 1983 claim] because prisoners have no right to use of a prison commissary.") (unpublished); *Munson v. Wilcher*, No. 4:19-CV-58, 2019 WL 2339264, at *3 (S.D. Ga. Apr. 18, 2019) (recognizing that the "Constitution does not guarantee fair prices at the commissary") (unpublished); *Black v. Donald*, No. 7:06-CV-75-HL, 2006 WL 3535404, *2 (M.D. Ga. Dec. 7, 2006) ("The United States Constitution does not guarantee fair prices at the commissary.") (unpublished).

Hoffstetter requests $500,000 in damages for "mental health anguish [and] in fear of retaliation . . . ." (Doc. 1 at 5) Hoffstetter cannot recover compensatory damages because an actual physical injury is required under the PLRA, which under Section 1997e(e) states, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury . . . ." As explained in

*Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312–13 (11th Cir. 2002), "[i]n order to avoid dismissal under § 1997e(e), a prisoner's claims for emotional or mental injury must be accompanied by allegations of physical injuries that are greater than *de minimis*." *See also Hughes v. Lott*, 350 F.3d 1157, 1162 (11th Cir. 2003) ("Section 1997e(e), however, bars any claim seeking compensatory damages for emotional distress suffered while in custody."). Because Hoffstetter alleges no actual injury, the complaint fails to allege a basis for recovering compensatory damages.

As shown above, Hoffstetter fails to state a claim upon which relief can be granted. Amendment of the action would prove futile because Hoffstetter can state no valid Section 1983 claim for relief. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile.").

The complaint (Doc. 1) is **DISMISSED** under 28 U.S.C. § 1915(e) for failing to state a claim upon which relief can be granted. The clerk must enter a judgment of dismissal against Hoffstetter and **CLOSE** this case.

ORDERED in Tampa, Florida, on March 7, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE